UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joseph W. Finfrock,                                            Case No. 3:17-cv-1264

    Plaintiff

    v.                                                       MEMORANDUM OPINION

Ohio Department of Rehabilitation & Corrections, et al.,

    Defendants

## I. BACKGROUND

*Pro se* Plaintiff Joseph W. Finfrock was an inmate at the North Central Correctional Complex in Marion, Ohio, beginning in March 2015. In March of 2017, Finfrock filed a complaint in the Franklin County Court of Common Pleas against the Ohio Department of Rehabilitation and Correction, Director Gary C. Mohr, Neil Turner, Warden, and Becky Joyce, Deputy Warden. (Doc. No. 1-1).

Defendants Turner and Joyce removed this action to the United States District Court for the Southern District of Ohio on June 5, 2017, within thirty days after receiving the complaint. (Doc. No. 1). Turner and Joyce also filed their answer to the complaint on June 12, 2017. (Doc. No. 3).

On June 15, 2017, this case was transferred to the present forum as the Magistrate Judge properly determined the North Central Correctional Complex was located in Marion County, Ohio, which is within the jurisdiction of the Northern District of Ohio. (Doc. No. 5). Defendants Mohr and the Ohio Department of Correction filed their answer to the complaint on June 22, 2017. (Doc. No. 8).

Finfrock's initial complaint alleges discrimination and retaliation in violation of the American with Disabilities Act, 42 U.S.C. §§ 12101-12213, as well as the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 to 797.

This matter is now before me on multiple motions by all of the parties. As all of the issues have been briefed and response time has passed, I turn to address the motions.

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Under Fed. R. Civ. P. 55, default is a two-step process with the entry of default as the first procedural step. *Shepard Claims Service Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 193 (6th Cir. 1986). Rule 55(a) permits a clerk to enter default against a party who has failed to plead or otherwise defend. Default is entered by the clerk of the court *upon application* of a party who seeks to enforce the default provisions. 10 James Wm. Moore, Moore's Federal Practice § 55.01[1] (3d ed. 2017). (Emphasis added). *See also Tarbell v. Jacobs,* 856 F.Supp. 101, 104 (N.D.N.Y. 1994).

The rule also requires that the default must be "made to appear by affidavit or otherwise." While the entry of default is a procedural formality, it is nevertheless a prerequisite to the issuance of a default judgment. *United States v. Di Mucci,* 879 F.2d 1488, 1490 (7th Cir. 1989); *Arango v. Guzman Travel Advisors,* 761 F.2d 1527, 1530 (11th Cir.), *cert. denied,* 474 U.S. 995 (1985).

Once an action is removed from state to federal court, the Federal Rules of Civil Procedure govern procedure. Where a defendant has not filed an answer in state court before the removal, their answer time is governed by Fed. R. Civ. P. 81(c)(2):

> ***Further Pleading.*** After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
> **(A)** 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
> **(B)** 21 days after being served with the summons for an initial pleading on file at the time of service; or

**(C)** 7 days after the notice of removal is filed.

It is understood that "[t]he purpose of these strict time requirements is to ensure that answers are filed quickly in removed actions." 14 Moore's Federal Practice, § 81.04[4][b] (3d ed 2017).

The docket reflects Defendants Turner and Joyce filed their answer exactly seven days after the case was removed to federal court in compliance with Fed. R. Civ. P. 81(c)(2)(C). In contrast, Defendants Mohr and the ODRC did not file their answer until June 22nd, some seventeen days after the case was removed, nor did they seek an extension of time to submit their answer.

In their opposition to the motion for default, Mohr and the ODRC state they were required to formally request representation and received approval of the same under Ohio Rev. Code §§ 109.361 and 109.362[1]. Once they received that approval, these Defendants filed their answer on June 22, 2017. Alternatively, these Defendants request the court accept their answer as timely filed.

The Sixth Circuit has noted that "cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (citation omitted). Here, the Plaintiff did not move for default in compliance with Fed. R. Civ. P. 55(a) and the Defendants filed their answer outside of the time frame of Fed. R. Civ. P. 81(c)(2)(C). In the interests of justice, I find the answer of Mohr and the ODRC to be timely filed and the Plaintiff's motion for default (Doc. No. 10) to be moot.

In light of the ruling on the Plaintiff's motion for default, Defendant Turner and Joyce's motion to strike Plaintiff's motion for default (Doc. No. 11) is also denied as moot.

---

[1] Ohio Rev. Code § 109.361 addresses the duty to defend a state officer or employee in a civil action upon request. Section 109.362 addresses investigation as to whether the action was outside the scope of duties or in bad faith.

### III. MOTIONS TO STRIKE

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of this motion "'avoid[s] the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citation omitted). Such motions are disfavored. *Id.*

The movant must demonstrate the challenged matter "has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendant[ ]." *See* 2 Moore's Federal Practice § 12.37[3] (3d ed. 2017). Motions to strike are aimed at material contained in pleadings. *See Fox v. Michigan State Police Dep't*, 173 Fed. Appx. 372, 375 (6th Cir. 2006).

In this case, the Defendants seek to strike the following filings: (1) Plaintiff's Rebuttal of Defendants' Answers to Complaint (Doc. No. 9) ; and (2) Plaintiff's Notification requesting addidom [sic] to depositions of December 7, 2017 (Doc. No. 20). The Defendants contend these filings by the *pro se* Plaintiff are impermissible, non-responsive, and should be stricken from the record. Alternatively, they contend they should be disregarded by the Court.

I agree with the Defendants that the aforementioned filings by Plaintiff have no bearing on the subject matter of the litigation. I find the better course of action is to not strike those filings, but for this Court to disregard them. *See Lombard v. MCI Telecommunications Corporation*, 13 F.Supp.2d 621, 625 (N.D. Ohio 1998) (disregarding affidavits but not striking them from the record); *United States v. Rohner*, No. 5:12CV2682, 2014 WL 4327923 at *1 (N.D. Ohio 2014). Accordingly, the Defendants' motions to strike (Doc. Nos. 13, 16, and 21) are denied.

# IV. MOTIONS TO AMEND THE COMPLAINT

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. Pro. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

The *pro se* Plaintiff moves to amend his complaint to add the entities which comprise "MTC" as they are allegedly responsible for the complete medical care and security of all inmates at the North Central Correctional Complex. Petitioner also "seeks relief though official and individual capacity." (Doc. No. 10 at p. 2). In a second filing, the Plaintiff reiterates his need for and the refusal of the Defendants to provide him medical care in the form of a working hearing aid and treatment for his hernia. (Doc. No. 19). Thus far, only Defendants Turner and Joyce have responded to Plaintiff's initial motion to amend his complaint, indicating they had no objection to his request.

As there is no opposition to his motions for leave to amend the complaint, I find Plaintiff's motions are granted.

## V. MOTION FOR APPOINTMENT OF COUNSEL

The Sixth Circuit has held there is no statutory right to appointed counsel in civil cases, but that such an appointment is within a court's discretion. *Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir.), *cert. denied,* 519 U.S. 816 (1996). *See also, Abdur-Rahman v. Michigan Dept. of Corrections,* 65 F.3d 489, 492 (6th Cir. 1995); *Willett v. Wells,* 469 F. Supp. 748 (E.D. Tenn. 1977), *aff'd,* 595 F.2d 1227 (6th Cir. 1979). Appointment of counsel in a civil action is a privilege and is justified only by exceptional circumstances. *Lavado v. Keohane,* 992 F.2d 601, 605-06 (6th Cir. 1993).

At this stage of the litigation, I do not find exceptional circumstances exist and will deny Plaintiff's motion to appoint counsel without prejudice. The Plaintiff may, however, petition the Court to appoint *pro bono* counsel if the case survives initial dispositive motion practice.

## VI. MOTION REGARDING REQUESTS FOR ADMISSIONS

The purpose of Fed. R. Civ. P. 36 is to establish the admission of facts on which there is no genuine dispute. Once admissions are served on a party:

> [A] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

In this case, it is undisputed the Defendants served discovery[2] requests as well as requests for admissions upon the Plaintiff on December 8, 2017. Having received no response, on February 2, 2018, counsel for the Defendants sent a letter to Plaintiff regarding the requests served in December indicating a lack of a response to these requests. On February 23, 2018, the Defendants filed their motion to deem the requests for admissions admitted. There has been no response by the Plaintiff.

As the requests for admissions have not been responded to or challenged, I grant Defendants' motion. Accordingly, the admissions are deemed admitted.

---

[2] The Magistrate Judge in the Southern District of Ohio issued a scheduling order setting deadlines for amending pleadings, discovery, and dispositive motion deadlines a day before this case was transferred to the present district. (Doc. No. 5).

6

## VII. Motion for Judgment On The Pleadings

Defendants Mohr and the ODRC move for dismissal of the claims against them pursuant to Fed. R. Civ. P. 12(c). They filed their motion on July 18, 2017, and mailed a copy of the motion to the *pro se* Plaintiff. There is no opposition to the motion.

The same pleading requirements apply to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for judgment under the pleadings pursuant to Rule 12(c). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). The pleadings must demonstrate sufficient factual matters, if taken as true, which state a claim "plausible on its face." *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 470 (2007). "A plaintiff falls short if [they] plead[] facts 'merely consistent with a defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct. . . .'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50) *cert denied*, 562 U.S. 1201 (2011).

On a motion for judgment on the pleadings, all well-pleaded allegations of the non-moving party must be taken as true. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). Judgment is granted only where there is no material issue of fact involved and the moving party is entitled to judgment as a matter of law. *Paskavan v. City of Cleveland Civil Service Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991).

Defendant Mohr seeks dismissal of the claims as there are no specific allegations of Mohr's personal involvement or allegations of wrongdoing by him. Mohr is named in the caption of the complaint but not ascribed any specific conduct in the body of the complaint.

In articulating a claim under 42 U.S.C. § 1983, the Sixth Circuit has stated:

> To state a cognizable claim against an individual under § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 553 (6th Cir. 2006). Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior. *See Murphy v. Grenier*, 406 Fed. Appx. 972, 974 (6th Cir. 2011) (unpublished opinion) ("Personal involvement is necessary to establish section 1983 liability"); *see also Gibson v. Matthews*, 926 F.2d 532,

535 (6th Cir. 1991) (noting that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants").

*Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).

Defendant ODRC moves for dismissal arguing it is not subject to suit as it is not a person or legal entity for purposes of a § 1983 action.

With regard to official capacity claims, a state and its officials are not considered persons when sued in their official capacity for money damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). The Eleventh Amendment bars suit against the state or its agencies unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). As Ohio has not given express consent to be sued in federal court, *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999), the state or its instrumentalities are immune from suit for money damages. *Wingo v. Tenn. Dept. of Corr.*, 499 Fed. Appx. 453, 454 (6th Cir. 2012).

In this case, I agree the Plaintiff's allegations of unconstitutional wrongdoing regarding Defendant Mohr do not constitute viable causes of action. Even if I consider the allegations in the Plaintiff's proposed amended complaint (Doc. No. 19), he fails to articulate claims against Mohr which state a viable claim as a matter of law. Additionally, the claims against the ODRC are not viable as it is not a person or legal entity capable of being sued under § 1983. *See Good v. Ohio Dept. of Rehab. and Corr.*, No. 1:15cv190, 2015 WL 2452444 *3 (S.D. Ohio 2015).

In the absence of any viable claims against Defendants Mohr and the ODRC, I find their motion to dismiss well taken and they are dismissed from this litigation.

## VIII. CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment (Doc. No. 10) is denied. Defendants' motion to strike Plaintiff's motion for default (Doc. No. 11) is denied as moot. Defendants' motions to strike (Doc. Nos. 13, 16, and 21) are denied. Plaintiff's motions to amend the complaint (Doc. No. 10 and 19) are granted. Plaintiff's motion for appointment of counsel

(Doc. No. 10) is denied.  Defendants' motion regarding their requests for admissions (Doc. No. 22) is granted.   Finally, Defendants Mohr and the ODRC's motion for judgment on the pleadings (Doc. No.  17) is granted and they are dismissed as parties in this case.

In light of the above rulings, the Plaintiff is directed to file his amended complaint within thirty (30) days of his receipt of this Order.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge