UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Joseph W. Finfrock, *pro se*,                                Case No. 3:17-cv-1264

        Plaintiff,

   v.                                                            MEMORANDUM OPINION
                                                       AND ORDER
Gary C. Mohr, et al.,

        Defendants.


## I.    INTRODUCTION

Defendants Neil Turner and Becky Joyce have filed a motion for summary judgment on claims alleged by *pro se* Plaintiff Joseph Finfrock. (Doc. No. 32). Finfrock filed a response to the motion for summary judgment. (Doc. No. 35). Defendants filed a reply brief in support of their motion. (Doc. No. 36). Also, Finfrock has filed motions to strike two filings by the Defendants. (Doc. No. 27 and 28). Defendants oppose those motions. (Doc. No. 29). Finfrock also filed a motion requesting a trial date be set. (Doc. No. 38). For the reasons stated below, Plaintiff's motions are denied and Defendants' motion is granted.

## II.    BACKGROUND

Finfrock previously[1] was incarcerated at the North Central Correctional Complex, in Marion, Ohio ("NCCC"). He claims the Defendants failed to provide him proper medical care, in violation

---

[1] The precise timing is unclear. Defendants believed Finfrock had not been housed at NCCC since December 2014. (Doc. No. 32-3 at 2). Finfrock testified during his deposition that he was at NCCC from March 23, 2015 until September 16, 2017.

of the Constitution of the United States, the Americans with Disabilities Act, and the Rehabilitation Act. (Doc. No. 2). Finfrock asserts he has hearing loss in both ears and NCCC refused to provide him with a hearing aid for his right ear. As a result, he claims he often was unable to hear the instructions of the correctional officers, which led to him being falsely accused of misconduct. (Doc. No. 2 at 2). The conduct reports he received allegedly caused him to be wrongfully removed from a vocational automotive class and from the faith-based housing unit. (*Id.*).

Finfrock asserts he was prescribed a hearing aid for his right ear when he resided in Florida, prior to his incarceration at NCCC. (Doc. No. 32-1 at 4). Finfrock claims he was told while incarcerated at NCCC that he needed a hearing aid but there was no guarantee the institution would provide him with one. (Doc. No. 32-1 at 6).

Between 2015 and 2017, the Marion Speech and Hearing Center evaluated Finfrock and repaired his hearing aid on several occasions. (Doc. No. 32-4 at 3-20). On April 21, 2017, Finfrock had a hearing evaluation performed by a licensed audiologist with the Marion Speech and Hearing Center. (*Id.* at 2). This evaluation confirmed Finfrock suffers from hearing loss in both ears, which affected his ability to communicate. (*Id.*). The audiologist found Finfrock's hearing aid for his left ear to be in "normal working order," and indicated that "[d]ue to the previous ear surgeries and status of the right middle ear system, it is unknown at this time whether he would be able to wear a hearing aid in the right ear." (*Id.*).

Following his release from NCCC, Finfrock visited another audiologist, who referred him to an ear, nose, and throat specialist to determine whether there were any surgical remedies for Finfrock's hearing loss in his right ear. (Doc. No. 32-1 at 7-9). Finfrock states this audiologist told him a hearing aid would improve his hearing in his right ear if there were no more-permanent solutions. (*Id.* at 7).

2

Finfrock asserts Joyce was responsible for the operation of the medical unit at NCCC and failed to protect his rights after he filed grievances concerning his "hearing issues and medical treatment." (Doc. No. 32-1 at 21). He claims Turner, as Joyce's superior, "had authority to get things done if they needed to be done." (*Id.* at 21-22).

Finfrock's complaint also mentions vision problems and a hernia but offers no details on those alleged conditions. He does not expand on those allegations in any of his subsequent filings.

### III. STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV. ANALYSIS

#### A. SECTION 1983 – EIGHTH AMENDMENT VIOLATION

An inmate claiming prison officials violated the Eighth Amendment must show the officials acted with deliberate indifference to the inmate's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).

The first part of the deliberate-indifference showing requires a prisoner show "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second part requires a showing that the defendant knew of and disregarded an

3

excessive risk to inmate health or safety – "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 837).

Prison officials show a deliberate indifference to a prisoner's medical need if they intentionally delay or deny access to medical care for a serious medical need. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Finfrock does not deny that he was seen by medical providers for his complaints about limitations in his hearing. Finfrock's medical records reflect it was "unknown" as of April 21, 2017, "whether he would be able to wear a hearing aid in the right ear" as a result of scarring in his right ear from previous ear surgeries. (Doc. No. 32-4 at 2). Finfrock's disagreement with this diagnosis and his frustration with the speed of any follow-up visits do not support an inference that there was a substantial risk that he would suffer serious physical harm. *Sanderfer v. Nichols*, 62 F.3d 151, 155 (6th Cir. 1995) (quoting *Farmer*, 511 U.S. at 837). Further, he offers no evidence he suffered any detrimental effects from any delay in treatment. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citations omitted).

Therefore, he fails to establish a genuine dispute of material fact underlying his Eighth Amendment claim, and Defendants are entitled to summary judgment.

## B. AMERICANS WITH DISABILITIES ACT

Finfrock also claims Defendants violated the Americans with Disabilities Act and the Rehabilitation Act.

Under the ADA, a disabled individual who otherwise is qualified may not be excluded from participating in, denied the benefits of, or subjected to discrimination under, a public program, because of the individual's disability. 42 U.S.C. § 12132. Under the RA, an individual may not be denied access to or discriminated against with respect to a federally-funded program or activity "solely by reason of" the individual's disability. 29 U.S.C. § 794(a). Inmates alleging claims under the ADA and the RA must show prison officials took the challenged actions because of the inmate's alleged disability. *See, e.g., Clayton v. Michigan Dep't of Corr.*, No. 17-1003, 2017 WL 6804104, at *2 (6th Cir. Aug. 21, 2017)

Finfrock testified during his deposition that he was not removed from the vocational automotive class or from the faith-based housing unit because of his disability, but because he received conduct reports as the result of his actions which violated institutional rules. (Doc. No. 32-1 at 12-16). The record evidence demonstrates Finfrock was not denied programs or services <u>because of</u> his disability, but because of legitimate penological purposes. *See, e.g., Meeks v. Schofield,* 625 F. App'x 697, 702 (6th Cir. 2015); *Wagner v. Jett*, 37 F.3d 1500 (6th Cir. 1994) (table decision).

V. CONCLUSION

For the reasons stated above, Defendants' renewed motion for summary judgment, (Doc. No. 32), is granted. Defendants' initial motion for summary judgment, (Doc. No. 23), is denied as moot. Plaintiff's motions to strike, (Doc. No. 27 and Doc. No. 28), and his motion for a trial date, (Doc. No. 38), are denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge